# Supreme Court of Texas

---

No. 23-0390

---

Natin Paul, WC 1st and Trinity, LP, WC 1st and Trinity GP, LLC, WC 3rd and Congress, LP, and WC 3rd and Congress GP, LLC,

*Petitioners*,

v.

The Roy F. & Joann Cole Mitte Foundation,

*Respondent*

---

On Petition for Review from the
Court of Appeals for the Third District of Texas

---

JUSTICE BUSBY, joined by Chief Justice Hecht and Justice Devine, dissenting from the denial of the motion for rehearing.

This Court has been asked to hear both an appeal and an original proceeding[1] arising out of an investment dispute between petitioners—Natin Paul and several business entities that he controls—and a nonprofit organization, the Roy F. and Joann Cole Mitte Foundation. Today, the Court denies a motion for rehearing in the appeal, which presents a significant question of arbitration law: can an

---

[1] *See* No. 23-0253, *In re Natin Paul.*

arbitrator decide that a person who did not sign the arbitration agreement is nevertheless required to arbitrate claims brought against him, or must a court first decide whether the arbitrator has any authority over the nonsignatory? Because we have concluded that this issue is for courts to decide, and that conclusion affects the contempt order that is the subject of the original proceeding, I respectfully dissent.

This appeal challenges a trial court judgment confirming an arbitrator's joint award of damages against the entities and Paul as their alter ego, the court's supplemental order appointing a receiver to liquidate the entities, and the court's post-judgment injunction preventing the dissipation of Paul's assets. The original proceeding challenges the court's order of criminal contempt against Paul for violating the injunction. But if Paul is correct that the arbitrator had no authority to decide whether he was bound to arbitrate as the alter ego of a signatory, then the trial court erred by confirming the arbitration award against him, which was the basis for all of the trial court's subsequent orders—including the injunction it held Paul in contempt for violating. Our cases show that Paul is correct.

Whether a party has given up the "right to a court's decision about the merits of its dispute" in favor of private arbitration is a "matter of contract": "a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942-43, 945 (1995). Thus, arbitrators "derive their authority to resolve disputes" from the parties' advance agreement. *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643,

648-49 (1986); *see also BG Grp. PLC v. Republic of Arg.*, 572 U.S. 25, 34 (2014).

As the Supreme Court of the United States has recognized, "'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.'" *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 631 (2009) (quoting 21 Richard A. Lord, Williston on Contracts § 57:19, p. 183 (4th ed. 2001)). But whether an arbitration agreement's terms may be enforced by or against a nonsignatory goes to "the existence of a valid and enforceable arbitration agreement," *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018), which is a question of arbitrability for the court to decide. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010) ("[T]*he court* must resolve any issue that calls into question the formation or *applicability* of the specific arbitration clause that a party seeks to have the court enforce." (emphases added)); *Robinson v. Home Owners Mgmt. Enters.*, 590 S.W.3d 518, 531 (Tex. 2019) ("[W]hether a nonsignatory is bound to an arbitration agreement is a gateway matter for judicial determination."); *Jody James Farms*, 547 S.W.3d at 631-33.

Here, an arbitration proceeding between the Foundation and the business entities was ongoing, and the Foundation sought and received the arbitrator's permission to add Paul as a defendant in his personal capacity based on an alter ego theory. Although Paul executed arbitration agreements on behalf of the business entities, he did not sign any agreement with the Foundation in his personal capacity. And as

3

just explained, we have held that whether a nonsignatory is bound to arbitrate as an alter ego is a gateway question of arbitrability for the trial court—not the arbitrator—to determine. *See id.* That principle alone demonstrates that the trial court erred by confirming the arbitration award against Paul without deciding the alter ego question *de novo*. *See Jody James Farms*, 547 S.W.3d at 633, 640 (determining post-arbitration that party resisting arbitration could not "be compelled to arbitrate under agency, third-party beneficiary, or estoppel theories" and vacating arbitration award).[2]

The court of appeals attempted to avoid this result by holding that Paul "submitted the issue [of arbitrability] to the arbitrator" when he "filed a motion for summary judgment in the arbitration asserting that the arbitrator lacked jurisdiction over Paul" as an alter ego. 2023 WL 1806101, at *11 (Tex. App.—Austin 2023). Not so. As the Supreme Court has held, and this Court recently reiterated, "[m]erely arguing the arbitrability issue to an arbitrator does not indicate a clear willingness to arbitrate that issue." *Robinson*, 590 S.W.3d at 535 (quoting *First Options of Chi.*, 514 U.S. at 946).

The Foundation offers another response: Paul did not merely object to the arbitrator deciding the issue whether Paul was bound to arbitrate as an alter ego, he alternatively (and subject to his objection)

---

[2] *See also Lennar Homes of Tex. Land & Constr., Ltd. v. Whitely*, 672 S.W.3d 367, 379 (Tex. 2023) (rendering judgment confirming arbitration award after concluding nonsignatory plaintiff was bound to arbitrate under doctrine of direct-benefits estoppel); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 741 (Tex. 2005) (rejecting reliance on direct-benefits estoppel and holding court abused its discretion by compelling nonsignatory plaintiff to arbitrate *quantum meruit* claim).

asked the arbitrator to decide that threshold issue in his favor. But this response is likewise inconsistent with our precedent. Such a defensive request does not waive a prior challenge to the arbitrator deciding the issue. *Cf. RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430–31 (Tex. 2016) (holding that "asserting defensive claims [in court]—even if such claims seek affirmative relief—does not waive [the right to compel] arbitration"). Furthermore, a nonsignatory who has objected unsuccessfully to the arbitrator's authority to decide whether he is required to arbitrate may respect the arbitrator's ruling requiring arbitration and defend himself on the merits as best he can. He is not required to go down without a fight to avoid waiving his right to argue to a trial court that any resulting arbitration award against him should be vacated because the arbitrator was not authorized to decide the alter ego question in the first place. *Cf. Bonsmara Natural Beef Co. v. Hart of Texas Cattle Feeders, LLC*, 603 S.W.3d 385, 391-92 (Tex. 2020) (recognizing that party who defends itself in effort to win arbitration on other grounds can challenge interlocutory order compelling arbitration on appeal from final judgment confirming arbitration award).

Under these recent cases from our Court, the arbitration award against nonsignatory Paul—which forms the basis of the trial court's post-judgment injunction and ultimately its contempt finding—cannot stand without additional proceedings in the trial court to decide the arbitrability issue: whether Paul is the alter ego of a signatory. For that reason, I respectfully dissent from the Court's denial of the motion for rehearing.

 

 

 

 

_____

J. Brett Busby
Justice

**OPINION FILED:** February 23, 2024